IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-CV-179-M |
| | § | |
| HARBOR INSURANCE | § | |
| GROUP, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss of Defendant Affirmative Insurance Holding, Inc. ("Affirmative"), filed April 24, 2006. The Motion is **GRANTED IN PART** and **DENIED IN PART**.

FACTUAL BACKGROUND

Between 1994 and 2001, Plaintiff Clarendon National Insurance Group ("Plaintiff" or "Clarendon") offered private passenger automobile insurance through Defendant Harbor Insurance Group ("Harbor") and related entities. A dispute arose between Plaintiff and Harbor, which ended in a settlement agreement between Plaintiff and Harbor. According to Plaintiff, by the terms of the settlement, (1) it became a 5% shareholder of Harbor, (2) Harbor agreed to pay Plaintiff a preferred return from its operations, (3) Harbor was precluded from disposing of any of its material assets, (4) Harbor was required to maintain Plaintiff's ownership percentage at

5%, and (5) Harbor agreed to provide all requested financial, operating, and other requested information to Clarendon.

Plaintiff states that, in late 2001, the other Harbor shareholders sold Harbor's assets to Instant Holdings[1] and related parties at less than fair market value, rendering Harbor unable to pay Clarendon a preferred return from its operations, as previously agreed. Affirmative is a successor to Instant Holdings.

Plaintiff filed suit on January 30, 2006, against Harbor, Affirmative, and four individual defendants, asserting claims of breach of contract, breach of fiduciary duty, waste, fraud, fraudulent conveyance, and seeking an accounting. Affirmative filed its Motion to Dismiss on April 24, 2006.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of the plaintiffs, and all well-pled facts in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1980). Dismissal is only appropriate if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997)). In

---

[1]The Complaint refers to this entity as "Instant Holdings" or "Instant Holding", while Affirmative's Motion to Dismiss refers to the entity as "Instant Insurance".

deciding a motion to dismiss, a court does not evaluate the plaintiffs' likelihood of success; instead, a court only determines whether the plaintiffs have stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Plaintiffs "must give the defendant fair notice of the nature of the claim and the grounds upon which the claim rests." *Bates v. U.S. Small Bus. Assoc.*, No. 3:01-CV-1614-D, 2004 U.S. Dist. LEXIS 23208, at *11 (N.D. Tex. Nov. 16, 2004) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). Conclusory allegations will not survive a motion to dismiss. *See Jones v. ALCOA, Inc.*, 339 F.3d 359, 363 (5th Cir. 2003) ("[F]or purposes of a motion to dismiss . . . we need not accept such conclusory statements, particularly where they concern the legal effect of an allegation or involve a question of law normally reserved for the court. . . .); *see also Davis v. Blockbuster, Inc.*, 3:04-CV-2393-M, 2005 U.S. Dist. LEXIS 2100, at *3 (N.D. Tex. Feb. 14, 2005) (Lynn, J.).

## ANALYSIS

Affirmative argues that Plaintiff's Complaint contains no viable theory of recovery against it. Plaintiff contends that it has complied with the liberal notice pleading standards articulated in Rule 8 of the Federal Rules of Civil Procedure, and has properly asserted claims of breach of contract, breach of fiduciary duty, waste, fraud, fraudulent transfer, and sought an accounting. The Court will first consider Plaintiff's fraudulent transfer claim, and will then consider the balance of Plaintiff's claims.

*1. Fraudulent Transfer*

In Texas, claims of fraudulent transfer are governed by the Texas Uniform Fraudulent Transfer Act ("TUFTA").[2] TUFTA deems several types of transfers as fraudulent, and therefore voidable. *See* Tex. Bus. & Com. Code §§ 24.005, 24.006. "TUFTA provides that to the extent a transfer is voidable, the creditor may recover judgment for the value of the asset transferred or the amount necessary to satisfy the creditor's claim, whichever is less, against the first transferee of the asset." *See United States v. Star-Tel, Inc.*, 96 A.F.T.R.2d (RIA) 6935, 2005 U.S. Dist. LEXIS 29754, at *13 n.5 (S.D. Tex. Oct. 26, 2005) (citing § 24.009(b)). Therefore, if Plaintiff can show both (1) a fraudulent transfer, and (2) that Affirmative is the first transferee of the asset transferred, Plaintiff may recover against Affirmative under TUFTA.

In its brief, Affirmative notes that TUFTA classifies four types of transfers as fraudulent. With respect to present and future creditors, a transfer is fraudulent if the debtor made the transfer:

> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>> (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>> (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

---

[2]Plaintiff argues that New York law applies to this claim, while Affirmative states that Texas law applies. Because Affirmative's arguments fail under Texas law, the Court need not examine whether New York law applies.

Plaintiff also argues that Affirmative's failure to engage in a proper choice-of-law analysis justifies dismissal of its Motion. The Court disagrees. Because the Court's holding does not hinge on choice-of-law considerations, such a failure is not fatal to the Motion.

Tex. Bus. & Com. Code § 24.005(a). With respect to present creditors, the following transfers
are also considered fraudulent:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor
> whose claim arose before the transfer was made or the obligation was incurred if
> the debtor made the transfer or incurred the obligation without receiving a
> reasonably equivalent value in exchange for the transfer or obligation and the
> debtor was insolvent at that time or the debtor became insolvent as a result of the
> transfer or obligation.
> (b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose
> before the transfer was made if the transfer was made to an insider for an
> antecedent debt, the debtor was insolvent at that time, and the insider had
> reasonable cause to believe that the debtor was insolvent.

Tex. Bus. & Com. Code § 24.006.

The crux of Affirmative's argument is that Plaintiff has not pleaded facts that establish
each element of a successful claim under TUFTA. Specifically, Affirmative contends that
Plaintiff does not allege that (1) Harbor was insolvent at any time, (2) Harbor's remaining assets
after the 2001 sale to Instant were unreasonably small in relation to Harbor's ongoing business,
(3) Harbor intended to incur or believed or should have believed it would incur debts beyond its
ability to pay as they became due, or (4) Harbor sold assets to Instant with the intent to hinder
Plaintiff's recovery of any claim it is entitled to collect from Harbor. However, specificity in
pleadings is required only in a very limited set of cases. *See Swierkiewicz*, 534 U.S. at 508; *see
also Lopez v. City of Dallas*, 3:03-CV-2223-M, 2005 U.S. Dist. LEXIS 8863, at *13 (N.D. Tex.
May 12, 2005) (Lynn, J.) (holding that a failure to identify a similarly situated entity was not fatal
to a 42 U.S.C. § 1981 claim based on the equal protection clause). Instead, the burden is on
Affirmative to show that "no relief could be granted under any set of facts that could be proved
consistent with the allegations". *Swierkiewicz*, 534 U.S. at 514 (citing *Hishon v. King &*

*Spalding*, 467 U.S. 69, 73 (1984)). Although Plaintiff has not pleaded how it intends to show that the transfer is fraudulent, Plaintiff's Complaint gives Affirmative fair notice that it is asserting a fraudulent transfer claim, and Affirmative has not shown that no relief could be granted under any set of facts that could be proven by Plaintiff consistent with its allegations. The Court declines to dismiss Plaintiff's claim of fraudulent transfer against Affirmative. *Id.*

*2. Breach of Contract, Breach of Fiduciary Duty, Waste, Fraud, and Claim for an Accounting*

Affirmative argues that Plaintiff has not properly pleaded its remaining claims.[3] The Court agrees. In its Complaint, Plaintiff states that "Clarendon is entitled to damages . . . for other actions taken by the individual defendants, Harbor and Instant Holdings, for among other things, breach of contract, breach of fiduciary duties, conflict of interest, waste, fraud, fraudulent conveyance, and violation of applicable law."[4] Plaintiff has alleged that Harbor's majority shareholders sold certain assets of Harbor to Affirmative, which supports the claim of fraudulent transfer. Plaintiff's Complaint provides no other allegations of Affirmative's conduct, and does not provide any factual foundation for any of the remaining claims against Affirmative.[5] Such conclusory allegations will not survive a motion to dismiss. *Jones*, 339 F.3d at 363. The Court

_____

[3]Again, Plaintiff argues that New York law applies to these claims, while Defendant argues that Texas law applies. Because the Court dismisses these claims based on a failure to plead a sufficient factual basis, which is governed by federal procedure, the Court need not determine which law applies to the merits of the claims.

[4]Plaintiff states that it brings a claim for an accounting against Affirmative in the introductory section of its Complaint.

[5]Additionally, the Court notes that Plaintiff's Response elucidates the factual basis for its fraudulent transfer claim, but fails to address any of its other claims.

**DISMISSES** Plaintiff's claims of breach of contract, breach of fiduciary duty, waste, fraud, and claim for an accounting against Affirmative, without prejudice.

Plaintiff requests leave to amend these claims. Plaintiff's claims are dismissed because they are inadequately pleaded. The Court finds that justice would be served if Plaintiff were permitted to amend its Complaint to comply with this Order, if possible. Therefore, the Court **GRANTS LEAVE** for the Plaintiff to amend the claims dismissed by this Order. *See Roehrs v. Conesys, Inc.*, 3:05-CV-829-M, 2005 U.S. Dist. LEXIS 33295, at *23-24 (N.D. Tex. Dec. 14, 2005). Plaintiff may file an amended complaint within thirty days of the date of this Order.

## CONCLUSION

The Court **DISMISSES** Plaintiff's claims of breach of contract, breach of fiduciary duty, waste, and fraud, and claim for an accounting against Affirmative. The Court **GRANTS LEAVE** for Plaintiff to file an amended complaint to replead such claims, within thirty days of the date of this Order. Affirmative's Motion is otherwise **DENIED**.

**SO ORDERED.**

July 11 , 2006.


_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS